**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ky Ngoc Truong, ) | No. CIV-04-2208-PHX-MHM (MS) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Alberto Gonzales, et al., ) | |
| Respondents. ) | |

    Petitioner has filed a Second Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The matter was referred to Magistrate Judge Morton Sitver for Report and Recommendation. Respondents have filed a Motion to transfer a portion of the Amended Petition to the Ninth Circuit Court of Appeals. (Dkt.#28). On February 17, 2006, Magistrate Judge Sitver filed his Report and Recommendation with this Court that recommends that Grounds One and Two of Petitioner's Second Amended Petition be transferred to the Ninth Circuit Court of Appeals. (Dkt.#60). Respondents filed objections thereto. (Dkt#63).

### STANDARD OF REVIEW

    The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which Objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

**DISCUSSION**

The Court has considered the pleadings and documents of record in this case. The Petitioner advances three claims in his Second Amended Petition: (1) that the Board of Immigration Appeals ("BIA") erred with its January 6, 2003, order vacating an Immigration Judge's decision to adjust Petitioner's immigration status and instead ordered to terminate proceedings, because the BIA misinterpreted the facts of Petitioner's adjustment application; (2) the Department of Homeland Security's ("DHS") Administrative Appeals Office ("AAO") decision denying Petitioner's I-360 application was not supported by substantial evidence; and (3) Petitioner is entitled to release on bond pending resolution of his adjustment of status claim.

**I.    Procedural History**

Petitioner is a native of Vietnam and a citizen of Switzerland. On August 27, 1992, the Immigration and Naturalization Service ("INS") approved a petition for Petitioner's visa to enter the United States as a second-preference "F 24" unmarried son of a lawful permanent resident. On July 14, 1995, Petitioner entered the United States pursuant to the Visa Waiver Pilot Program ("VWP"). Under the VWP, Petitioner could remain temporarily in the United States for a period not to exceed 90 days; however, Petitioner remained well past the permitted time and on December 14, 1998, the INS issued a Notice to Appear ("Form I-862) charging petitioner with removability pursuant to section 237(a)(1)(B) of the Immigration and Naturalization Act ("INA"). Approximately three years later, on November 3, 2001, a hearing was held in which Petitioner conceded he was subject to removal but requested an adjustment of status. The Immigration Judge permitted Petitioner additional time to complete the paperwork regarding his request.

Shortly thereafter, the INS requested that the Immigration Judge terminate proceedings because the Notice to Appear was improperly issued by the Asylum Office, which denied Plaintiff's application for asylum in the United States on December 7, 1998. The INS asserted that the proper form that should have been issued to Petitioner was the Form I-863, "Notice of Removal to Immigration Judge," not the Notice to Appear. The INS

argued that the Immigration Judge lacked jurisdiction to consider an adjustment of status under the VWP program and should instead proceed with asylum proceedings. Petitioner; however, argued that the Notice to Appear was proper and that the Immigration Judge possessed jurisdiction to consider his adjustment of status request based upon sections 245(a) and (i) of the INA. The Immigration Judge denied the INS's Motion to terminate and granted the Petitioner's request to adjust status on November 29, 2001.

On December 6, 2001 the INS filed a Motion to Reopen, Reconsider and Terminate Proceedings with the Immigration Judge, which was denied. The INS appealed the decision and on January 6, 2003 the BIA vacated the Immigration Judge's decision and concluded that the only form of relief available to the Petitioner was an application for asylum, which the Petitioner withdrew, and that the Petitioner was not eligible for adjustment of status as an immediate relative under section 245(a) because Petitioner was not a "child" for purposes of the "immediate relative" exception to the adjustment of status bar to visa waiver entrants. The BIA then terminated the proceedings.

On March 21, 2003, the INS issued a "Notice of Action-Voluntary Departure" to Petitioner requiring him to leave the United States by April 21, 2003; however the Notice was later withdrawn and the Petitioner was placed in asylum proceedings pursuant to the filing by the INS of an I-863. On July 12, 2004, Petitioner withdrew his asylum application and indicated that he intended to leave the United States in two weeks.

On October 6, 2004, Petitioner was summoned to the Phoenix Department of Homeland Security ("DHS") Office to determine why he had not departed as he had previously indicated; at that time Petitioner disclosed he had filed a form I-360, petition for special immigrant status as the battered spouse of a United States Citizen pursuant to section 244(a)(3) of the INA. Petitioner was then taken into custody.

On October 18, 2004, Petitioner filed his original Writ of Habeas Corpus. Petitioner requested a stay until his I-360 could be processed. On October 28, 2004, the Vermont Service Center of the Bureau of Citizenship and Immigration Services ("USCIS") notified Petitioner that it would deny his I-360 application unless he could produce additional

evidence that he resided with his spouse, and of battering and/or extreme cruelty. After receiving additional evidence from Petitioner, his application was denied. On November 5, 2004, the Bureau of Immigration and Customs Enforcement ("ICE") Field Office Director issued an "Order of Departure" for Petitioner.

On April 11, 2005, the AAO dismissed Petitioner's appeal of the denial of his I-360 application. On April 25, 2005, Petitioner's new counsel moved to amend the Petition, in part, so that the AAO could better address the appeal of Petitioner's I-360 petition. (Dkt.#21). The Court granted Petitioner's Motion, and the amended Petition was filed on April 29, 2005. (Dkt.#24). On June 6, 2005, Respondents opposed Petitioner's Petition and moved to transfer a portion of the amended petition to the Ninth Circuit Court of Appeals for review. (Dkt.#28). Specifically, Respondents moved to transfer that portion of the Amended Petition that included issues regarding Petitioner's Order of Removal, but argued that the portion regarding Petitioner's I-360 applications should remain with this Court because it did not involve review of a final removal order.

On June 15, 2005, Petitioner filed a joinder motion to add certain party-respondents (Dkt.#29); however was instructed by the Court that Petitioner would again have to amend his Petition to add such parties. (Dkt.#30). Thus, Petitioner again moved to amend. (Dkt.#32). In Respondents' Response to Petitioner's Motion to Amend, Respondents agreed with Petitioner that transfer to the Ninth Circuit was now improper, but for different reasons. Specifically, Respondents argued that none of the claims should be transferred because Petitioner's claims did not relate to the November 5, 2004 administrative Order of Removal. However, In Petitioner's Reply in support of amending the Petition, Petitioner conceded he was challenging the November 5, 2004 Order of Removal to the extent it was improperly issued because jurisdiction still vested with the Immigration Judge to determine whether the Petitioner qualified for adjustment of status.

On August 15, 2005, the Court granted Petitioner's Second Motion to Amend and deemed the lodged Second Amended Petition filed as of that date. (Dkt.#42&43). The Respondents issued the same arguments in opposition to the Petition as they did in opposition

to the Second Motion to Amend. However, Respondents did concede that if the November 5, 2004 Order of Removal was implicated by Petitioner's claims, then the case would be subject to transfer pursuant to the Real ID Act of 2005.

Petitioner's Reply brief set forth again that he was not challenging the November 5, 2004 Order of Removal, because it was issued without jurisdiction. Rather, Petitioner's Reply brief argued that he challenged only the BIA's January 6, 2003, decision terminating proceedings before the Immigration Judge. Petitioner also argued that the Immigration Judge's decision to adjust status was supported by substantial evidence.

## II.     Magistrate Judge's Report and Recommendations

### A.     Ground One: Petitioner's Adjustment of Status

The Magistrate Judge notes that the President has signed into law on May 11, 2005 the REAL ID Act. Pub.L.No. 109-13, 119 Stat. 231. Specifically, 8 U.S.C. § 1252(a)(5) provides in pertinent part:

> Notwithstanding any other provision of law (statutory or non-statutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section....

This provision explicitly divests the district courts of habeas corpus jurisdiction under 28 U.S.C. § 2241 to review an "order of removal" entered under the Immigration and Naturalization Act.

Despite, both Petitioner and Respondents objections, the Magistrate Judge finds that the November 5, 2004 final Order of Removal controls, thus requiring that Ground One of the Petition be transferred to the Ninth Circuit. Specifically, the Magistrate Judge notes that if the district court were to entertain this claim and find that the BIA should have remanded the question of Petitioner's 245(i) adjustment instead of terminating proceedings then the November 5, 2004 Order or Removal would at the very least be called into question as it would create the possibility of a ruling effectively voiding the Order or Removal.

### B.     Ground Two: (Denial of the I-360)

- 5 -

The Magistrate Judge recommends the same with respect to Petitioner's Second Ground for relief, based upon the denial of Petitioner's I-360 claim because of the Order of Removal issued on November 5, 2004.  Similar to Petitioner's Adjustment of Status claim, the Magistrate Judge finds that entertaining jurisdiction over such a claim could lead to inconsistent results.  For instance, the Magistrate Judge explains that if the Court were to review the sufficiency of the evidence Petitioner presented to the USCIS and ultimately rule that the decision denying his I-360 Application was error, the Order for Removal would again be implicated.  Thus, the Magistrate Judge recommends transfer of this claim as well.

  C. <u>Ground Three: (Petitioner's Release Pending Adjudication of the Section 245(i) Adjustment Claim</u>

Ground Three of Petitioner's Claim relates that Petitioner should be released pending proceedings regarding his section 245(i) status as the son of a United States Citizen. However, the Magistrate Judge rejects such a conclusion on the basis that Petitioner has failed to offer any evidence suggesting he has availed himself of the administrative procedures specified under the Code of Federal Regulations and Immigration and Naturalization Act for determining continued detention for aliens subject to removal.

## III. The Court's Findings

  A. <u>Grounds One and Two Are Not Subject To Transfer To The Ninth Circuit</u>

This Court recognizes the complexity associated with the enactment of the REAL ID Act; however finds that the plain language of the Act is the best guide.  Here, the Magistrate Judge recommends that because Ground One and Two essentially "relate to" or "implicate" the November 5, 2004 Order of Removal issued against the Petitioner, that transfer to the Ninth Circuit  is proper.  However, while these two Grounds for relief sought by Petitioner may "relate to" or "implicate" the November 5, 2004 Order of Removal, this is not the test in determining whether transfer is appropriate pursuant to the REAL ID Act.  Rather the test in determining if transfer is proper is whether there is a "challenge" to an order of removal.

Pub.L.No.109-13, 119 Stat. 231 (May 11, 2005) § 106(c), of the REAL ID Act provides in pertinent part:

- 6 -

> If an alien's case, brought under section 2241 of title 28, United States Code, and <u>challenging a final order of administrative order of removal</u>, deportation, or exclusion, is pending in a district court on the date of this division, then the district court shall transfer the case (<u>or the part of the case that challenges the order of removal</u>, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed...

(Emphasis Added).

In the instant case, Grounds One and Two of Petitioner's claims are not "challenging" the November 5, 2004 Order of Removal. Rather, the Petitioner's contention is that the BIA erred with its January 6, 2003, decision vacating the Immigration Judge's decision to adjust Petitioner's status as well as that the AAO erred with its denial of Petitioner's I-360 Application. These claims for relief do not constitute a "challenge" to the November 5, 2004 Order of Removal, rather the claims only "challenge" proceedings and decisions regarding Petitioner's status that "relate to" or "implicate" the Order of Removal. The plain language of the REAL ID Act only contemplates "challenges" to orders of removal. If Petitioner's claims and others like it were transferred, the Ninth Circuit would be requested to consider review of all types of proceedings that do not "challenge" an order of removal but rather "relate to" or "implicate" an order of removal. Such a scenario is not contemplated by the plain language of the Act.

The Court also recognizes the Magistrate Judge's consideration regarding inconsistent results if Petitioner's claims were not transferred; but that factor does not appear to be dispositive. For example, if Grounds One and Two are not transferred and Petitioner is granted his requested relief, the Order of Removal will be implicated and likely set aside and Petitioner will likely be granted relief from it. However, such a result does not suggest that the Order of Removal against Petitioner was flawed or improperly decided. In other words, the Order of Removal itself is not being "challenged" only the events that relate to it.

Lastly, Respondents' objection to transfer of Ground Two is not necessarily persuasive in determining that transfer would be improper. Specifically, Respondents argue that transfer of Ground Two, addressing the denial of Petitioner's I-360 Application, would be improper because those proceedings are not part of the Order of Removal, or are independent of it. Respondents fail to recognize that the proceedings surrounding Petitioner's I-360

Application, at the very least, as noted above, "relate to" the Order of Removal. If Petitioner were to succeed on this claim it would likely grant Petitioner relief from the Order of Removal. However, as noted above, even though the I-360 Application "relates to" the Order of Removal, such relationship does not mandate transfer as Petitioner is challenging only the proceedings surrounding the denial of his I-360 Application, not the Order of Removal itself.

Therefore, because Grounds One of Two of Petitioner's Second Amended Petition do not "challenge" the November 5, 2004 Order of Removal those claims will not be transferred.

B.  Ground Three

With respect to Ground Three, there is nothing before the Court to suggest that Petitioner has exhausted or attempted to exhaust the administrative procedures available to an alien subject to removal pursuant to section 241 of the INA and section 241 of the Code of Federal Regulations. Therefore, as noted by the Magistrate Judge, the Court is without jurisdiction to consider such a claim.

**Accordingly,**

**IT IS HEREBY ORDERED** that Respondent's Motion to Change Venue/Transfer Case is denied. (Dkt.#28).

**IT IS FURTHER ORDERED** that the Court adopts in part and rejects in part the Magistrate Judge's Report and Recommendation. (Dkt.#60). Specifically, Grounds One and Two of Petitioner's Second Amended Petition for Writ of Habeas Corpus are not subject to transfer to the Ninth Circuit Court of Appeals pursuant to the REAL ID Act. These Grounds of Relief are remanded to the Magistrate Judge for a Report and Recommendation on the merits. Ground Three of Petitioner's Second Amended Petition of Relief is denied.

**IT IS FURTHER ORDERED** Respondents' Objection to the Magistrate Judge's Report and Recommendation is sustained to the extent Respondents object to transfer of Ground Two of Petitioner's Second Amended Petition. (Dkt.#63).

DATED this 31st day of March, 2006.

_____
Mary H. Murguia
United States District Judge