IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ky Ngoc Truong,<br><br>        Petitioner,<br><br>vs.<br><br>Alberto Gonzales, et al.,<br><br>        Respondents. | No. CIV-04-2208-PHX-MHM (MS)<br><br>**ORDER** |

Petitioner filed a Second Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on August 15, 2005. (Dkt.#43). This matter was referred to Magistrate Judge Morton Sitver for Report and Recommendation. (Dkt.#2). On February 17, 2006, the Magistrate Judge filed his original Report and Recommendation that Grounds One and Two of Petitioner's Second Amended Petition be transferred to the Ninth Circuit Court of Appeals and that Ground Three be denied. (Dkt#63). On March 31, 2006, the Court adopted in part and denied in part the Magistrate Judge's Report and Recommendation and remanded for a determination on the merits of Grounds One and Two. (Dkt.#65). The Magistrate Judge issued his Supplemental Report and Recommendation May 12, 2006 granting in part and denying in part the Petition. (Dkt.#68). The Respondents have issued a partial objection. (Dkt.#71).

**STANDARD OF REVIEW**

The Court must review the Magistrate Judge's legal analysis in the Report and Recommendation de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); see 28 U.S.C. § 636(b)(1)(C) ("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

**DISCUSSION**

The Court has considered the Supplemental Report and Recommendation and documents of record in this case. The factual background surrounding these two claims is discussed at length in the Magistrate Judge's February 24, 2006 and the Court's March 31, 2006 orders. (Dkt.#60,65). The remaining grounds of the Petition are as follows: (1) the Board of Immigration Appeals ("BIA") erred with its January 6, 2003 order vacating the Immigration Judge's ("IJ") decision to adjust Petitioner's immigration status and instead ordered to terminate proceedings, because the BIA misinterpreted the facts of Petitioner's adjustment application; and (2) the Department of Homeland Security's ("DHS") decision denying Petitioner's I-360 application was not supported by substantial evidence. The Magistrate Judge recommends that Ground One of the Petition be granted so that it is remanded to the BIA for a determination of whether Petitioner is entitled to adjust his status pursuant to  § 845(i) of the Immigration and Nationality Act. ("INA").[1] The Magistrate Judge further recommends that Ground Two be denied because the Court cannot say that the DHS's decision denying Petitioner's I-360 application was not supported by substantial evidence. As referenced above, the only objection to the Magistrate Judge's findings are issued by the Respondents. Specifically, the Respondents do not object to the remanding Ground One to the BIA, but request clarification that the issue on remand be limited to a determination of whether the Petitioner can adjust his status pursuant to § 845(i) based upon

---

[1] 8 U.S.C. § 1255(i).

- 2 -

the approved I-130 petition submitted by Petitioner's father for Petitioner in 1992 as an unmarried son of a United States Citizen.

## I. Ground One: Remand of Determination of Petitioner's Adjustment of Status

In recommending that Ground One of the Petition be remanded to the BIA, the Magistrate Judge concluded that the BIA erred when it terminated the Petitioner's adjustment of status and removal proceedings. In making this determination, the Magistrate Judge relied upon the Ninth Circuit's holding in Molina-Camacho v. Ashcroft, 393 F.3d 937 (9th Cir. 2004), in which the Ninth Circuit determined that the BIA was without authority to enter an order of removal and remanded the case back to the IJ for further proceedings. Id. at 940. The Ninth Circuit invalidated the BIA's order of deportation issued after an Immigration Judge's order granting relief from removal and held that the BIA was without jurisdiction to issue such orders of removal. Id. at 941. The Ninth Circuit expressly noted that pursuant to 8 C.F.R. Part 1240.12(c) Immigration Judges are empowered to issue orders directing removal "or the termination of proceedings, or such other disposition of the case as may be appropriate." Id. at 940. Conversely, however, pursuant to 8 C.F.R. § 1003.1(d)(1) the BIA is authorized to function to act "as an appellate body charged with the review of those administrative adjudications under the Act." In light of this distinction, the Magistrate Judge held that it was error for the BIA to terminate Petitioner's adjustment of status proceedings. The Court agrees with the reasoning of the Magistrate Judge.

In addition, the Court finds itself in agreement with the Magistrate Judge with respect to the Petitioner's intention to seek adjustment of status pursuant to § 245(i) of the INA. The IJ granted Petitioner's adjustment of status pursuant to both § 245(a) and § 245(i) of the INA. As discussed by the Magistrate Judge, it was error for the IJ to rely upon § 245(a) because the Petitioner does not qualify as a "child" under § 201(b)(2)(A)(i) of the INA as he was over 21 years of age when his status was adjusted to that of a lawful permanent resident. However, the issue of whether Petitioner properly adjusted his status pursuant to § 245(i) has not been visited. Thus, Petitioner should be given an opportunity to present his argument to the BIA in support of adjustment of status based upon § 245(i).

1  In responding to the Magistrate Judge's recommendation, the Respondents seek only clarification. Specifically, Respondents request that the Court clarify that the Petitioner base his adjustment of status request pursuant to § 245(i) based upon the 1992 visa petition submitted by Petitioner's father and approved by the INS. The Court does not disagree that the only approved visa petition on record was submitted by Petitioner's father and approved in 1992. Moreover, § 245(i) of the INA is the only applicable section ripe for BIA review regarding Petitioner's request for adjustment of status. Thus, to that extent, Respondents' objection is sustained.

**II.     Ground Two: Denial of Petitioner's I-360 Application**

The Court also finds itself in agreement with the Magistrate Judge regarding the denial of Ground Two of the Petition. Specifically, the Magistrate Judge concluded that the DHS's decision denying Petitioner's application on the basis that: (1) Petitioner did not establish that he and his spouse shared a residence and (2) Petitioner failed to provide evidence amounting to cruelty pursuant to 8 C.R.R.§ 204.2(c)(1)(vi) was supported by substantial evidence. The Magistrate Judge detailed the reasoning behind his findings to which the Petitioner has offered no objection. The Court agrees with both the legal and factual analysis underlying the Magistrate Judge's findings addressing Ground Two. See United States v. Reyna-Tapia, 328 F.3d 1114 (9th Cir. 2003) (disregarding standard of review employed by district court when reviewing a report and recommendation to which no objections were filed); see also Jones, 207 F.3d at 562 n.2 ("Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact."). As such, the Court will deny Ground Two of the Petition.

**Accordingly,**

**IT IS HEREBY ORDERED** adopting the Supplemental Report and Recommendation of the Magistrate Judge. (Dkt.#68).

**IT IS FURTHER ORDERED** granting in part and denying in part the Petition. Ground One of the Petition is granted and remanded to the BIA for further proceedings as

to whether Petitioner is entitled to adjustment of status pursuant to § 245(i) of the INA. Ground Two is denied and dismissed with prejudice.

**IT IS FURTHER ORDERED** sustaining the Respondents' partial objection to the Supplemental Report and Recommendation to the extent that the Court finds that § 245(i) to be the relevant authority addressing Petitioner's request to adjust his status based upon his approved visa petition in 1992. (Dkt.#71).

**IT IS FURTHER ORDERED** denying Petitioner's pro se Motions to Substitute Attorney (Dkt.#72,73) and Third Amended Declaration (Dkt.#74) for non-compliance with Local Rule 83.3(c)(2) of the Local Rules of the District Court of Arizona. Petitioner is currently represented by counsel.

**IT IS FURTHER ORDERED** directing Petitioner and Petitioner's counsel, Mr. Eric Bjotvedt, to meet and confer in response to Petitioner's recent pro se filings before this Court.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 20th day of December, 2006.

_____
Mary H. Murguia
United States District Judge